IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREVOR RINGGOLD,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**C.O. MATTHEW KELLER,** )<br>SUPERINTENDENT BRIAN COLEMAN, )<br>JOHN AND/OR JANE DOES 1-9, )<br>)<br>Defendants. ) | No. _____ |

## COMPLAINT

**TREVOR RINGGOLD,** plaintiff, by his undersigned attorney, sues C.O. Matthew Keller, Superintendent Brian Coleman, John and/or Jane Does 1-9, upon which the following is a statement of same:

### JURISDICTION

1. Plaintiff invokes this court's jurisdiction pursuant to the Judicial Code, to wit: 28 U.S.C. Section 1331 and Section 1343 (a) (3) & (4). Plaintiff seeks to vindicate his individual rights, pursuant to 28 U.S.C. Section 1983, and under the United States Constitution, First Amendment, Eighth Amendment and the Fourteenth Amendment. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201, et seq. Plaintiff additionally seeks injunctive relief authorized by Fed. R. Civ. P. 65.et seq. Plaintiff also brings state law claims of assault, battery, and intentional infliction of emotional distress. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).



## VENUE

2. Venue is proper in the Western District of Pennsylvania. Each claim arises out of an incident that occurred in Fayette County, PA.

## PARTIES

3. Trevor Ringgold, Plaintiff, is a citizen of the Commonwealth of Pennsylvania, and is presently an inmate within the jurisdiction of the Commonwealth of Pennsylvania, Department of Corrections, at SCI Albion, Albion PA. At all times mentioned herein, Plaintiff was an inmate, incarcerated at SCI Fayette.

4. C.O. Matthew Keller was, at all times mentioned here, employed by the Pennsylvania Department of Corrections as a Correctional Officer at SCI-Fayette and acting under color of state law. Defendant Keller is being sued in his individual and official capacities.

5. Defendant Brian Coleman was at all times relevant to this Complaint employed as the Superintendent at SCI-Fayette and acting under color of state law. Defendant Coleman is being sued in his individual and official capacities.

6. Defendant John and/ or Jane Does (hereafter "John Does" irrespective of gender) 1 through 7 were, at all times relevant to this Complaint, employed by the Pennsylvania Department of Corrections. At all times relevant to this Complaint, Defendants John Does 1 through 7 were acting under color of state law and are sued in both their individual and official capacities.

7. Defendant John and/ or Jane Does (hereafter "John Does" irrespective of gender) 8 and 9 were, at all times relevant to this Complaint, employed by the Pennsylvania Department of Corrections and were the persons responsible for supervising Defendants Keller and John and/or Jane Does 1-7 at the time of the attack on Plaintiff and during the time period leading up to and including the attack on Plaintiff, and subsequent to the attack on Plaintiff. At all times relevant to this Complaint, Defendants John Does 8 through 9 were acting under color of state law and are sued in both their individual and official capacities.

## FACTS

8. On July 28, 2009, Plaintiff was detained as a Commonwealth of Pennsylvania, Department of Corrections, inmate housed at SCI Fayette.

9. On the aforesaid date, the Plaintiff, while waiting in line for a meal, was ordered by Defendant Keller to leave the dining hall for allegedly skipping line.

10. As Plaintiff turned to exit, Defendant Keller ordered the Plaintiff to come over to Defendant Keller.

11. Plaintiff complied with Defendant Keller's order and was approaching Defendant Keller when the Defendant began to physically strike and beat the Plaintiff, including but not limited to slapping, kicking, punching and kneeing the Plaintiff.

12. As Defendants John Does 1-7 approached, they, with Defendant Keller continued to attack and beat the Plaintiff as well.

13. Once Defendant Keller and the John Doe 1-7 Defendants concluded assaulting the Plaintiff and the brutal attack ended, the injured and bleeding Plaintiff was taken to medical to be treated for his injuries.

14. Plaintiff received limited medical attention, including stitches, for his injuries. Although Plaintiff requested pain medication, he was only given medicine to reduce swelling, which he had difficulty taking because the water supply to his cell was shut-off.

15. In the few hours immediately following the attack, the Defendant was strip searched twice before being taken to the hole for fifteen days until he was transferred to the SCI Greene.

16. After the assault upon the Plaintiff, Defendant Keller made false accusation against the Plaintiff including but not limited to the allegation that Plaintiff assaulted Defendant Keller.

17. After the assault upon the Plaintiff, and as a result of Defendant Keller's false accusations, the Plaintiff was immediately taken to the hole at SCI Greene.

18. After the assault and while at SCI Fayette, the Plaintiff was not permitted to write letters.

19. When the Plaintiff obtained his personal property which had been transported from SCI Fayette to SCI Greene, it had been urinated on and otherwise abused and destroyed.

20. The Department of Corrections' Office of Professional Responsibility ("OPR") conducted an investigation into the attack.

21. After the OPR investigation, Criminal charges including Simple Assault, Official Oppression, and Unsworn Falsifications to Authorities were filed against Defendant Keller. No criminal charges were filed against the Plaintiff.

22. On information and belief, prior to this attack on Plaintiff, Defendant Keller has been involved in another assault on an inmate at SCI-Fayette.

23. On information and belief, Defendants Coleman and John Doe's 8 and 9 were aware of the previous assault.

24. Defendant Coleman was the Superintendent at SCI-Fayette during the time period encompassed by this Complaint and, as such, it was his responsibility to manage the prison's day-to-day operations, supervise, monitor, train, retrain, and discipline prison employees, and to protect the health and safety of the inmates.

25. After the earlier assault by Defendant Keller on an inmate, Defendant Coleman failed to establish or maintain a policy, practice, or custom of monitoring, supervising, training, retraining and disciplining Correctional Officers such as Defendant Keller, who had been involved in assaults on inmates.

26. Defendant Coleman's failure to establish or maintain a policy, practice, or custom of monitoring, supervising, training, retraining and disciplining Correctional Officers such as Defendant Keller, created an unreasonable risk that Defendant Keller would continue to assault inmates.

27. Defendant Coleman was aware that this unreasonable risk existed.

28. As the Superintendent of SCI-Fayette, Defendant Coleman was responsible for enforcing Department of Corrections' policy on Use of Force, which provided that force can be used by a staff member against an inmate only if it is necessary and for a legitimate purpose.

29. Defendant Coleman was responsible for ensuring that Defendants Keller and John Does 1-7 followed the Use of Force policy and used force only when necessary and for a legitimate purpose.

30. Defendant Coleman failed to enforce the Department of Corrections Use of Force policy as against Plaintiff.

31. Defendant John Doe 8 was the Correctional Officer or Supervisor on duty at the time

leading up to and including the attack, had authority over Defendants Keller and John Does 1-7, and was responsible for monitoring and supervising their activities.

32. Defendant John Doe 8 knew of the activities of Defendants Keller and John Does 1-7 during the time frame leading up to and including the attack.

33. Defendant John Doe 9 was the Correctional Supervisor responsible for directly supervising Defendant Keller.

34. As his direct supervisor, Defendant John Doe 9 was aware of Defendant Keller's previous assault on an inmate at SCI-Fayette.

35. Despite his knowledge of this previous assault, Defendant John Doe 9 failed to retrain, supervise, monitor, and discipline Defendant Keller so as to prevent additional assaults on inmates.

36. Defendant John Doe 9 was aware that this failure to retrain, supervise, monitor, and discipline Defendant Keller created an unreasonable risk that additional inmates would be assaulted by Defendant Keller.

37. As a direct and proximate result of the said acts of Defendants, Plaintiff suffered, and continues to suffer, the following injuries and damages:

    a) Violation of his constitutional rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment;

    b) Physical pain and suffering; and

    c) Emotional trauma and suffering.

38. While recovering from his injuries sustained during the beatings, Plaintiff filed grievances which were denied. Plaintiff subsequently appealed/or attempted to appeal the grievances without success.

39. Although Defendants Coleman and/or John Does 8 and 9 were not physically present during the assaults or beating of Plaintiff, the aforesaid Defendants did acquiesce to the other named Defendants' conduct by failing to investigate or discipline the other named Defendants.

40. The Defendants and/or John Does 8 and 9 Defendants, by deliberate indifference or tacit acquiescence, failed to properly train, supervise and discipline the other named correction officers such that the violation of Plaintiffs' constitutional rights became the accepted practice within SCI Fayette as related to Plaintiff.

41. Defendants individually and jointly did physically and mentally abuse Plaintiff.

42. Defendants individually and jointly were deliberately indifferent to the right of Plaintiff to be free from repeated unwarranted physical beatings.

43. Defendants violated Plaintiff's rights under the 8th Amendment of the U.S. Constitution, or alternatively, Defendants violated Plaintiff's liberty interest rights under the 14th Amendment of the U.S. Constitution. Defendants jointly and severally did violate § 1983.

44. As a proximate result of the named Defendants' acts and omissions, Plaintiff sustained substantial injury. Defendants did act with a rancorous motive or with reckless disregard to the rights of the Plaintiff.

## CAUSES OF ACTION

### Count I
### 42 U.S.C. § 1983 Eighth Amendment violation
### Defendants Keller and John Does 1-7

45. Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth.

46. The conduct and actions of Defendants Keller and John Does 1-7 in using unnecessary and excessive force against Plaintiff by brutally beating and assaulting him were malicious and sadistic and intended to cause harm.

47. Defendants Keller's and John Does 1-7's actions were not undertaken in any good faith effort to maintain or restore discipline.

48. Defendants Keller's and John Does 1-7's actions violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment.

49. As a result of these constitutional violations, Plaintiff suffered injuries and damages as described above.

### Count II
### 42 U.S.C. § 1983 Eighth Amendment violation – Defendant Coleman

50. Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth.

51. The conduct and failure of Defendant Coleman to establish or maintain a policy, practice, or custom of monitoring, supervising, training, retraining, and disciplining Correctional Officers, such as Defendant Keller, who had a history of assaulting prisoners, constituted deliberate indifference and contributed to and proximately caused the violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment.

52. The failure of Defendant Coleman to enforce the Department of Corrections Use of Force policy as against Plaintiff and to ensure that Defendants Keller and John Does 1-7 used force for only a legitimate purpose, constituted deliberate indifference and contributed to and proximately caused the violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment.

53. As a result of these constitutional violations, Plaintiff suffered injuries and damages as described above.

### Count III
### 42 U.S.C. § 1983 Eighth Amendment violation – Defendant John Doe 8

54. Paragraphs 1 through 53 are incorporated herein by reference as though fully set forth.

55. The conduct and failure of John Doe 8 to supervise and monitor Defendants Keller and John Does 1-7 on the date of the incident, as shown by his knowledge of and acquiescence in their attack on Plaintiff, constituted deliberate indifference and contributed to and proximately caused the violation of Plaintiff's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.

56. As a result of this constitutional violation, Plaintiff suffered injuries and damages as described above.

### Count IV
### 42 U.S.C. § 1983 Eighth Amendment violation – Defendant John Doe 9

57. Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58. The conduct and failure of John Doe 9 to take meaningful action to supervise, monitor, retrain, and discipline Defendant Keller after Defendant Keller's earlier assault on another inmate, as described above, constituted deliberate indifference, and contributed to and proximately caused the violation of Plaintiff's rights under the Eighth and Fourteenth Amendments to be free from cruel and unusual punishment.

59. As a result of this constitutional violation, Plaintiff suffered injuries and damages as described above.

### Count V
### Assault and Battery

60. Paragraphs 1 through 59 are incorporated herein by reference as though fully set forth.

61. The conduct and actions of Defendants Keller and John Does 1-7, in attacking Plaintiff, as described above, constituted assault and battery in violation of state law.

62. As a result of this assault and battery, Plaintiff suffered injuries and damages as described above.

### Count VI
### Intentional Infliction of Emotional Distress

63. Paragraphs 1 through 62 are incorporated herein by reference as though fully set forth.

64. The conduct and actions of Defendants Keller and John Does 1-7 in brutally attacking the Plaintiff was outrageous and extreme and went beyond the bounds of decency, so as to be regarded as atrocious and intolerable in a civilized society.

65. The conduct and actions of Defendants Keller and John Does 1-7, in planning and carrying out the attack on Plaintiff, constituted intentional infliction of emotional distress on Plaintiff in violation of state law.

66. As a result of this intentional infliction of emotional distress, Plaintiff suffered injuries and damages as described above.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff requests that this Court:

A. Award compensatory damages to Plaintiff against the defendants;

B. Award punitive damages to Plaintiff against the defendants;

C. Award declaratory relief that Plaintiff's constitutional rights were violated by the defendants;

D. Award the costs of this action to Plaintiff;

E. Award reasonable attorneys' fees to Plaintiff; and,

F. Award such other and further relief as this Court may deem appropriate.

Respectfully submitted,

_____
Charity Grimm Krupa
Attorney I.D. No. 202124
P.O. Box 622
Smithfield, Pa 15478
(724) 569-9608
Fax (724) 569-2386
Counsel for Plaintiff